Filed 4/30/14  N.D. v. Regional Center of Orange County CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| N.D., | |
| Plaintiff and Appellant, | G048573 |
| v. | (Super. Ct. No. 30-2010-00414596) |
| REGIONAL CENTER OF ORANGE COUNTY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Janet C. Pesak, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded.

Pamela Patterson for Plaintiff and Appellant.

Woodruff, Spradlin & Smart and M. Lois Bobak for Defendant and Respondent.

\*          \*          \*

The court sustained the demurrer of defendant and respondent Regional Center of Orange County (RCOC) to all but one of the causes of action of the fourth amended complaint filed by plaintiff and appellant N.D., by her guardian ad litem, Pamela Patterson, who is her mother (mother) and also attorney of record. This was done at a hearing on a motion for reconsideration of the ruling on the demurrer. Although there was a cause of action for breach of contract remaining, to which RCOC had not demurred, the court entered judgment in favor of defendant.

On appeal N.D. argues entry of judgment was an abuse of the court's discretion and violated her United States constitutional rights to a jury trial and under the Fifth and Fourteenth Amendments. We agree the court abused its discretion in entering judgment when there was a cause of action pending, and reverse on that basis.

This case has a procedurally tortuous history, but the appeal boils down to one simple issue: Did the trial court have the authority to enter judgment on the motion for reconsideration? And the equally simple answer is no.

N.D., now 15 years old, is a person with developmental disabilities. In 2007, after a dispute with RCOC about services to be provided to N.D., RCOC and mother entered into a settlement agreement to resolve those issues (2007 Settlement Agreement). In October 2010, N.D. and mother filed a complaint against RCOC for breach of the 2007 Settlement Agreement and for intentional and negligent misrepresentation.

In November 2010 mother and/or N.D. filed an Application for Emergency Order of Mandamus for Nursing Care to require RCOC to provide sufficient nursing care.[1] The court granted the application and ordered the care to be paid at the Medi-Cal rate.

---

[1] The application is not included in the record, only the minute order granting relief.

In December 2010 mother and N.D. filed an ex parte "Amended Application for Declaratory Relief Re RCOC Nursing Reimbursement Policy" claiming they were suffering a hardship because they had to pay for nursing services up front and wait for long periods of time to be reimbursed by RCOC rather than having RCOC pay for the services directly. The court scheduled an order to show cause (OSC) re contempt in January 2011 for RCOC's alleged failure to comply with the November 2010 order.

At the January 2011 hearing after a meet and confer, among other things the court ordered mother to resubmit two disputed invoices from November and December 2010. There was also a person named for mother to contact regarding processing of invoices. The application for declaratory relief and the OSC re contempt were continued to February 2011. At that February hearing the court found the OSC moot due to a stipulation that "resolves all of their current disputes" and the issues in the declaratory relief application more suitable for a motion for summary judgment.

During this time and thereafter an amended, second amended, third amended, and fourth amended complaint were filed. As opposed to the first four complaints, the fourth amended complaint shows only N.D. as the plaintiff, with mother as N.D.'s guardian ad litem.

RCOC demurred to 10 of the 11 causes of action in the fourth amended complaint, leaving only a cause of action for breach of contract.[2] The court sustained the demurrer to all 10 causes of action without leave to amend based on the failure to exhaust administrative and judicial remedies. Shortly thereafter the court on its own motion notified the parties it would entertain a motion by mother for reconsideration of the ruling, noting a review of the fourth amended complaint showed the administrative

---

[2] RCOC's demurrer to the fourth amended complaint is not part of the record but the tentative ruling and notice of ruling do not include any reference to a demurrer to the breach of contract cause of action and the parties do not dispute that it was not a part of the demurrer.

remedies as to one issue might have been exhausted. In August 2012 N.D. filed a motion for reconsideration.

At the hearing on the motion in October, the pro tem judge referred to the November 2010 order and noted she had "negotiated a settlement" in January 2011 that had "somehow . . . slipped through the cracks" and that "addresse[d] all the issues in the complaint. [¶] So I really don't understand why anyone is still here."[3] Mother responded that the case had not been settled, only the subject of the OSC re contempt. The "major reason" she filed the case and what was still pending was that RCOC had not reimbursed her for what she had paid for nursing care. The court stated "nothing [was] left in [the] complaint that . . . needs to be adjudicated." Mother reiterated RCOC still owed her "tens of thousands of dollars" because it had failed to pay what was due. The court then announced it would enter judgment.

The minute order ruling on the motion states the motion had been previously granted, in part, regarding the billing dispute. The request for additional nursing was barred due to failure to exhaust administrative remedies. The court referred to the settlement agreement of November 2010, describing it as resolving "service issues raised in the complaint, including methods for resolution of any billing disputes." "Accordingly, [there was] nothing in the instant action remain[ing] to be litigated . . . ."

Entry of judgment with a pending breach of contract cause of action was erroneous. At the time of the hearing on the reconsideration motion, despite the court's statement to the contrary, the breach of contract cause of action was operative. The motion for reconsideration was limited to the other 10 causes of action to which the court had previously sustained a demurrer without leave to amend. No other motion was on calendar. There was no motion to dismiss, motion for summary judgment or

_____

[3] We question the propriety of having the judge pro tem conduct the settlement conference and then rule on the subsequent motion, especially when the motion was based, at least in part, on information learned in the settlement conference.

4

adjudication, motion for judgment on the pleadings, motion to enter judgment under Code of Civil Procedure section 664.6, or any other motion that could properly dispose of the breach of contract cause of action still at issue.

RCOC devotes several pages in its brief to its argument that N.D., as an intended third party beneficiary of the 2007 Settlement Agreement, already received everything she is seeking in the breach of contract cause of action. It claims "there are no unresolved issues of fact on N.D.'s breach of contract claim . . . ."

But even assuming the court was correct the settlement agreement had disposed of the claim pleaded in the breach of contract cause of action, it had no authority on its own motion to decide to dismiss the action without a motion before it and certainly not without notice to the parties. The merits of the breach of contract cause of action were not properly before the trial court nor are they properly before us.

Therefore, the judgment must be reversed and the case remanded to the superior court for further proceedings. N.D. is entitled to costs on appeal.

THOMPSON, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

BEDSWORTH, J.

5